UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAMON OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:09CV1343 HEA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant, ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Mary Ann L. Medler, that the decision of the Commissioner be affirmed. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

This Court's review is limited to a determination of whether the decision of the ALJ is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir .2002).

> "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." *Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir.2001). But "[t]he

> substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). "'Substantial evidence on the record as a whole' ... requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984)). In reviewing the administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951), *quoted in Gavin,* 811 F.2d at 1199.
>
> In general, the claimant bears the burden of proving his or her entitlement to disability insurance benefits under the Social Security Act. 20 C.F.R. § 404.1512(a); *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991).

*Coleman v. Astrue* 498 F.3d 767, 770 (8th Cir. 2007). Substantial evidence is such evidence that a reasonable mind would find adequate to support a decision, considering evidence that detracts both from and evidence that supports the Commissioner's decision. *Clevenger v. Social Sec. Admin.*, 567 F.3d 971, 974 (8th Cir. 2009).

Plaintiff has filed written objections to Judge Medler's recommendation that the Commissioner's denial of his application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Act be affirmed. Plaintiff objects to Judge Medler's findings that the Administrative Law Judge's (ALJ) properly determined Plaintiff's residual functional capacity, (RFT). Plaintiff claims that the ALJ's failure to complete a function-by-function assessment could result in the ALJ overlooking limitations that

could affect the ability of a claimant to perform work, citing SSR 96-8p, 1996 WL 374184, *3-4.

In his decision, the ALJ articulates that he considered the impact of Plaintiff's pain and other symptoms to the extent he found Plaintiff credible. He further considered all of the evidence in the record in reaching his conclusion as to Plaintiff's ability to perform light work without limitation and there is supporting evidence in the record to support conclusion. The ALJ"s lack of specific function by function assessment does not negate his findings that the evidence as a whole supports the conclusion that Plaintiff's limitations and restrictions do not preclude Plaintiff from light work.

Plaintiff argues that Judge Medler erred by finding that the ALJ gave proper weight to the treating source opinion. As Defendant correctly points out, Judge Medler did not conclude that the ALJ's decision was proper solely because Dr. Spearman's opinion was expressed based on checkmarks on a form. Specifically, the ALJ detailed his reasons for not giving Dr. Spearman's opinion controlling weight nor much deference because it was not supported by medically acceptable clinical and laboratory diagnostic techniques. Also, Dr. Spearman's opinion was inconsistent with other substantial medical evidence in the record. Additionally, the ALJ noted that examinations failed to reveal signs indicative of Dr. Spearman's assessment. Judge Medler's conclusion regarding the ALJ's determination not to

assign controlling weight is proper.

Plaintiff also objects to Judge Medler's Report and Recommendation because she concluded that the ALJ was not required to recontact Dr. Spearman. Plaintiff argues that recontact was required because the ALJ concluded that Dr. Spearman's opinion was not based on medically acceptable clinical and laboratory diagnostic techniques. However, the record before the ALJ provided sufficient evidence for a determination as to Plaintiff's disability and therefore, under the regulations, as Judge Medler correctly observed, the ALJ was not required to recontact Dr. Spearman. There was substantial evidence in the record from which the ALJ could make his determination.

The Court has conducted a *de novo* review of those portions of Judge Medler's Report and Recommendation to which Plaintiff objects. This Court finds that the Report and Recommendation thoroughly discusses the issues presented herein. This Court further finds that there is substantial evidence in the record to support the ALJ's conclusions. The objections are overruled and the Court adopts the Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 23rd day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE